**FIFTH DIVISION**
**RICKMAN, C. J.,**
**McFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**March 11, 2022**

# In the Court of Appeals of Georgia

A21A1296. LIGON v. HU.

McFADDEN, Presiding Judge.

This appeal contests a trial court order granting a motion to enforce a settlement agreement. But no settlement agreement was formed because the purported acceptance failed to comply with the terms of the offer to settle. So we reverse.

1. *Facts and procedural posture.*

In reviewing a trial court's order on a motion to enforce a settlement agreement, "we view the evidence in the light most favorable to the nonmoving party." *Pritchard v. Mendoza*, 357 Ga. App. 283 (850 SE2d 472) (2020) (citation and punctuation omitted). So viewed, the evidence shows that Robert and Ami Ligon sent a written settlement offer to American Standard Insurance Company of Ohio, alleging that Robert Ligon was injured when he was struck by a car driven by Li Na Hu,

American Standard's insured. The offer was made pursuant to former OCGA § 9-11-67.1, which governs settlement offers for claims of injury arising from the use of a motor vehicle, and it contained the five material terms required by the version of the statute that was in effect at the time of the offer. See OCGA § 9-11-67.1 (a) (1) (effective July, 2013).[1]

The offer also provided that certain acts were material to acceptance of the offer "and must be completed without variance of any sort to form a binding contract[.]" Those mandatory acts included payment of $100,000 and delivery of a release that fully complied with every term and condition of the offer. With regard to the release, the offer required that there be specific reference in the release to an affidavit of Hu swearing that there was no other insurance coverage available; mandated that the release only include signature lines for the Ligons and provided that the inclusion of a signature line for anyone else "for any purpose at all will be a counteroffer and rejection of this offer;" and required that there be no language in the release indicating that it was a contract under seal.

American Family delivered a $100,000 check, a release, and other purported acceptance documents to the Ligons. Thereafter, the Ligons returned the $100,000

---

[1]The statute was amended, effective July 1, 2021.

check and documents to American Family, and also sent a letter to American Family stating that it had not complied with all the terms of the offer and had therefore rejected the offer.

Robert Ligon subsequently filed a complaint against Hu, seeking damages for injuries allegedly caused by her negligence in hitting him with her car while he was on a bicycle. Hu answered the complaint and also filed a motion to enforce a settlement agreement purportedly created by American Family's acceptance of the Ligons' offer to settle. The trial court entered an order granting Hu's motion to enforce a settlement agreement and dismissing Robert Ligon's action. He appeals from that order.

2. *Purported settlement agreement.*

Ligon contends that the trial court erred in granting Hu's motion to enforce a settlement agreement and dismissing his action. We agree.

> [T]he version of OCGA § 9-11-67.1 in effect at the time [Ligon] made [his] settlement offer in this case was enacted against the backdrop of a large body of law on contract formation generally and settlement formation specifically. As part of that existing law, settlement agreements must meet the same requirements of formation and enforceability as other contracts. . . . That existing law [also] includes the fundamental principle that an offeror is the master of his or her offer and free to set the terms thereof.

3

*de Paz v. de Pineda*, 361 Ga. App. 293, 295 (2) (864 SE2d 134) (2021) (citations and punctuation omitted). Thus, an offer may call for "acceptance by the doing of some act, as opposed to a mere oral or written statement of acceptance of certain terms." *Grange Mut. Cas. Co. v. Woodard*, 300 Ga. 848, 853 (2) (a) (797 SE2d 814) (2017). "An acceptance must comply with the requirements of the offer as to the performance to be rendered. An offeree's failure to comply with the precise terms of an offer is generally fatal to the formation of a valid contract." *de Paz*, supra (citations and punctuation omitted).

In this case, the offer to settle expressly provided that certain terms of the offer were material requirements of acceptance and that the failure to comply with those requirements would constitute a rejection of the offer. American Family, however, failed to comply with the precise terms of the offer by failing to deliver a release that fully complied with the terms of the offer. Among other things, the release did not comply with the offer requirement that it include specific reference to an affidavit stating that there was no other insurance coverage available, see *Frickey v. Jones,* 280 Ga. 573, 574 (630 SE2d 374) (2006) ("the offer must be accepted unequivocally and without variance of any sort"); the release included a signature line for someone other than the Ligons for the purpose of notarizing the document, despite the offer

4

expressly stating that "inclusion of a place on the release for a signature of anyone other than [the Ligons] for any purpose at all will be a counteroffer and rejection," *Pritchard*, supra at 289 ("viewed in the light most favorable to . . . the nonmoving party, the release in this case was not identical with the terms of the offer") (citation and punctuation omitted); and the release included language indicating that it was made under seal, despite the offer's plain language that "[t]he release must not include . . . any alteration of the standard six-year period of limitations for written contracts . . . such as placing the contract under seal[.]" See OCGA § 9-3-23 (20-year statute of limitations for actions on instruments under seal).

"Because [American Family] violated the express terms of the offer, the parties did not reach a binding settlement agreement." *White v. Cheek*, 360 Ga. App. 557, 563 (859 SE2d 104) (2021). See also *Pritchard*, supra (insurance company did not provide an unvaried release "that was required for acceptance of [the] offer, [so] the parties did not reach a binding settlement agreement"). Consequently, "the trial court erred in granting [Hu's] motion to enforce [a] settlement agreement." *Jervis v. Amos*, 358 Ga. App. 589, 595 (1) (854 SE2d 387) (2021) (involving failure to perform act required to accept settlement offer made pursuant to OCGA § 9-11-67.1).

3. *Other claims of error.*

5

Given our ruling in Division 2, we need not address Ligon's other claims of error.

*Judgment reversed. Rickman, C. J., and Senior Appellate Judge Herbert E. Phipps concur.*